IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

GEBR. BRASSELER GMBH & CO. KG,  )
et al.,                         )
                                )
      Plaintiffs,               )
                                )
v.                              )        Case No. 1:08cv1246
                                )            (GBL/TCB)
ABRASIVE TECHNOLOGY, INC.,      )
                                )
      Defendant.                )
                                )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant Abrasive's Motion to Transfer Venue to the Southern District of Ohio. This case is an action for declaratory judgment arising out of a trademark dispute. Upon learning that Plaintiffs planned to sell a rotary dental bur with two adjacently spaced annular grooves, Defendant sent a number of cease-and-desist letters, alleging that this practice infringed its trademark. After the parties exchanged letters without resolution, Plaintiffs brought this action.

The first issue before the Court is whether the convenience of parties and witnesses requires transfer to Defendant's home forum in the Southern District of Ohio because Defendant has no connection to the Eastern District of Virginia and Defendant's headquarters and primary place of business are in Ohio, and

1

Plaintiffs' parties and witnesses are primarily located in Germany and South Carolina.

The second issue before the Court is, assuming a transfer of venue is appropriate, whether the balance of convenience to parties and witnesses requires transfer to Plaintiff Komet's home forum, the District of South Carolina, because a transfer to Ohio would merely shift the burden of inconvenience from one party to the other given the location of all the witnesses, including Plaintiffs' South Carolina witnesses.

The Court holds that transfer is warranted, but not to Defendant's proposed forum in the Southern District of Ohio. The Court reaches this conclusion because the balance of convenience to parties and witnesses, in the interest of justice, requires a transfer to the District of South Carolina because South Carolina is Plaintiff Komet's home forum and transferring to Ohio would do no more than shift the inconvenience from Defendant to Plaintiffs.

## I.   BACKGROUND

The parties in this case are competitors in the dental tool industry.  Plaintiffs are Gebr. Brasseler GmbH & Co. KG ("GBL"), a German corporation with its principal place of business in Legmo, Germany and its subsidiary and exclusive U.S. distributor Komet USA LLC ("Komet"), a South Carolina corporation with its

2

principal place of business in Rock Hill, South Carolina (collectively "GBL"). Defendant Abrasive Technology, Inc. ("Abrasive") is an Ohio corporation with its principal place of business in Lewis Center, Ohio. Abrasive sells products nationally, including in the Eastern District of Virginia. After it discovered that GBL intended to sell a rotary dental bur with two adjacently spaced annular grooves on its shank, Abrasive sent cease-and-desist letters to GBL, alleging that GBL's product infringed its trademark. GBL denied this allegation, and the parties exchanged a number of letters without resolving their disagreement.

Consequently, GBL brought this action against Abrasive on December 2, 2008, seeking a declaratory judgment of non-infringement. Abrasive filed its Answer on January 29, 2009, denying that GBL is entitled to declaratory relief, asserting several affirmative defenses and counterclaiming for trademark infringement. GBL answered Abrasive's counterclaim on February 18, 2009, denying that GBL engaged in infringing conduct and asserting sixteen affirmative defenses. Abrasive moved to transfer venue to its home forum in the Southern District of Ohio, asserting inconvenience to parties and witnesses. Plaintiffs oppose the motion and alternatively propose transfer

3

to the District of South Carolina, Columbia Division, because South Carolina is Plaintiff Komet's home forum.

## II. DISCUSSION

### A. Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2008). Thus, a decision whether to transfer an action to another district is committed to the district court's sound discretion. *S. Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956), *cert. denied*, 352 U.S. 953 (1956). The party moving for a transfer of venue bears the burden of showing that the transfer is warranted. *Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*, 117 F. Supp. 2d 515, 518 (E.D. Va. 2000).

### B. Analysis

The Court holds that transfer is appropriate because the Eastern District of Virginia has a minimal connection to this case and the convenience of parties and witnesses favors transfer to a venue with a stronger connection. It is undisputed that this case could have been brought in either the Southern District of Ohio or the District of South Carolina. The Court concludes that the convenience of parties and

4

witnesses, in the interest of justice, requires a transfer to the District of South Carolina because transferring the case to Ohio would merely shift the inconvenience from Defendant to Plaintiffs.

The Court has the power to transfer this case to Ohio or South Carolina because it may transfer the case "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2008).  In considering whether to transfer venue, a district court considers whether the claim could have been brought in the potential transferee forum and whether the interest of justice and convenience of the parties and witnesses justify transfer.  *Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 689 (E.D. Va. 2007).  The following factors[1] guide the Court's determination:  the plaintiff's initial choice of forum, the convenience and cost to witnesses and parties, the interest of justice, and the ease of access to sources of proof, *see Coors Brewing Co. v. Oak Beverage, Inc.*, 549 F. Supp. 2d 764, 771 (E.D. Va. 2008), and the availability of compulsory process,

---

[1] While there is consensus in the cases that certain factors guide the Court's discretion, different decisions articulate slightly different versions of those factors.  *Compare Precision Financing, LLC v. Coombs*, 2006 U.S. Dist. LEXIS 93952 at *6 (E.D. Va. Dec. 27, 2006) (articulating four factors), *with Fellores v. Winter*, 2007 U.S. Dist. LEXIS 9073 (E.D. Va. Feb. 8, 2007) (articulating seven factors).  Similarly, the parties have articulated slightly different factors.  *Compare* Def. Mem. at 7 (identifying seven factors), *with* Pl. Opp'n at 6 (identifying four factors).

see *BHP Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d
493, 498 (E.D. Va. 2000).

### 1.   GBL's Choice of Forum

GBL's initial choice of forum in the Eastern District of
Virginia is not entitled to significant weight because GBL
brought this suit in Virginia, not its home forum, and therefore
its choice of venue is entitled to minimal deference.  This case
has few connections with Virginia.  A plaintiff's choice of
forum is normally entitled to substantial weight.  *Lycos*, 499 F.
Supp. 2d at 692.  But the plaintiff's chosen forum is entitled
to very little weight if it is not the plaintiff's home forum
and the cause of action bears little or no relation to it.  *Id.*;
*Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va.
2003).  Even when the plaintiff sues in its home forum, that
fact is not by itself controlling and the weight of that factor
depends on the nexus tying the case to the forum.  *Bd. of Tr. v.
Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1257
(E.D. Va. 1988).  It is undisputed that GBL's home forum is
either in Germany or South Carolina, where Plaintiffs' principal
places of business are located, and that Abrasive's home forum
is in Ohio.[2]  Abrasive does not have any office space, facilities

_____

[2]Abrasive has systematic, continuous and substantial contacts
with Ohio:  its research, manufacturing, operations,

or employees in Virginia. The mere fact that customers in Virginia may have purchased rotary dental instruments from GBL or Abrasive is an insufficient connection to justify retaining a case arising out of the alleged misuse of a trademark on products distributed by an Ohio company. *See Original Creatine Patent Co. v. Met-RX USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) (finding four percent of defendant's sales in Virginia did not create sufficient connection with Virginia for purpose of motion to transfer venue); *Ion Beam Applications S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 562 (E.D. Va. 2000) ("[S]ales visits alone are not sufficient to establish a connection with a forum."). In sum, the Court finds that GBL's election to bring suit in the Eastern District of Virginia is entitled to minimal weight because it is not GBL's home forum and the case lacks sufficient connections to Virginia.

## 2.   Ease of Access to Sources of Proof

The Court gives very little weight to the ease of access to sources of proof because "[w]hen documents can be transported [or] easily photocopied, their location is entitled to little weight." *GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, 2005 U.S. Dist. LEXIS 40007, at *20 (D. N.J. May

---

advertising, marketing and business development are conducted there.

10, 2005).  While Abrasive argues that this factor favors transfer to Ohio because its relevant documents are in Ohio, the Court rejects this argument because Abrasive, like most mainstream businesses today, produces, stores and maintains data in electronic form.  Electronic documents are mobile and are conveniently accessible.  The Court finds that access to sources of proof favors transfer away from Virginia and is equally balanced between Ohio and South Carolina because those states represent the home fora of the parties and discoverable evidence is likely located in both places, in contrast to Virginia. Because Abrasive carries the burden on this motion, this balance does not support transfer to Ohio.

### 3.  Availability of Compulsory Process

This factor slightly favors transfer away from Virginia and to either Ohio or South Carolina because the courts in Ohio and South Carolina could compel the attendance of the witnesses based in those states, of which there are several, whereas this Court could not.  *See* FED. R. CIV. P. 45(c)(3)(A)(ii) (requiring that subpoena be quashed if witness forced to travel more than 100 miles from residence or employment, but imposing no such restriction when witness resides or works in state where trial occurs).  While this factor favors transfer away from Virginia, it is neutral as between Ohio and South Carolina because all of

8

the Ohio and South Carolina witnesses are employees or are otherwise associated with the parties.  It is therefore unlikely that a court would need to employ compulsory process to secure their attendance.

### 4.    Convenience and Cost to Parties and Witnesses

The convenience factor favors transfer to the District of South Carolina because while this case lacks a meaningful connection to Virginia, transferring to Ohio would do no more than shift the burden of inconvenience onto GBL.  Moreover, the Court concludes that the majority of Abrasive's witnesses would not be especially inconvenienced to travel to the District of South Carolina because Abrasive can easily compel their attendance and because, for at least one of them, South Carolina is actually more convenient than Ohio.  Witness convenience and access is often the most important factor in determining whether transfer is appropriate.  *JHT Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 737 (E.D. Va. 2007).  "[W]hen using this factor to influence a transfer of venue, the movant must identify the prospective witness and specifically describe their [sic] proposed testimony."  *Coors Brewing Co. v. Oak Bev. Inc.*, 549 F. Supp. 2d 764, 772 (E.D. Va. 2008); *see also Koh*, 250 F. Supp. 2d at 636.  Moreover, the Court "draws a distinction between party-witnesses and non-party witnesses and affords greater weight to

9

the convenience of non-party witnesses." *Lycos*, 499 F. Supp. 2d at 693. Transfer is inappropriate when it would "merely 'shift the inconvenience' to the other party." *JHT Tax, Inc.*, 482 F. Supp. 2d at 736 (internal citations omitted). The Court therefore balances the convenience of Abrasive's witnesses with the convenience of GBL's witnesses in order to avoid merely shifting the inconvenience. *Id.* In conducting this analysis, the Court does not consider convenience to counsel. *Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 698 (E.D. Va. 2000).

The residence of the parties and witnesses favors transfer away from Virginia because only one witness, James Gallagher, is from Virginia. Defendant and Plaintiffs identify in their papers nine witnesses, four of which reside in Ohio, two in Germany, and one each in Georgia, Pennsylvania and Virginia. Counsel for GBL also stated at oral argument that GBL has two witnesses in South Carolina. Considering just the residence of these various prospective witnesses, then, overall convenience weighs in favor of transfer away from Virginia because only Mr. Gallagher—GBL's sales representative—is from Virginia. The weight of the convenience to Mr. Gallagher is very slight. *See Lycos*, 499 F. Supp. 2d at 693 (finding the mere existence of sales activity in Virginia, where defendant has same sales

contact with every other state in nation, weighs very little).
Moreover, the convenience to GBL's German witnesses is entitled
to little weight, if any, because they are already committed to
traveling to the United States to testify, and it would be
equally convenient (or inconvenient) for them to fly to
Virginia, Ohio or South Carolina. *See generally Finmeccanica*,
2007 U.S. Dist. LEXIS 85268 at *20 (finding a minimal impact on
plaintiff's party witnesses from Italy in transferring the case
to California: "[I]t simply requires that they spend a few more
hours on a plane than they would have to if the case remained in
the Eastern District of Virginia."). The Court therefore finds
that the convenience factor favors transfer away from Virginia.

Next the Court must address whether the convenience factor
favors transfer to Ohio or to South Carolina. On the balance,
convenience favors transfer to South Carolina because South
Carolina is Plaintiff Komet's home forum and transferring to
Ohio would "merely shift the inconvenience to the other party."
*JHT Tax, Inc.*, 482 F. Supp. 2d at 736 (citations and formatting
omitted). While Abrasive argues that the convenience to Ohio
party-witnesses outweighs the convenience to South Carolina
party-witnesses, this argument fails because Abrasive can easily
compel the attendance of its witnesses, at least to the extent
that they are employees. *In re Ralston Purina Co.*, 726 F.2d

11

1002, 1006 (4th Cir. 1984). And while Abrasive argues that defending suit in Ohio would reduce the time, expense and disruption to Abrasive's business operations, the Court rejects this argument because some disruption to both parties' business operations is an inevitable consequence of litigation. Abrasive gives the Court no reason to conclude that transferring this case to Ohio would not simply shift the burden of disruption to GBL in terms of time or expense. *See JHT Tax, Inc.*, 482 F. Supp. 2d at 736 (citations omitted) (declining transfer that would "merely 'shift the inconvenience' to the other party").

Abrasive points to Sam Meyer and Don Schlitz, both non-party witnesses who would be less burdened traveling to court in the Southern District of Ohio than to Virginia, and presumably, to South Carolina. The Court agrees that the convenience of non-party witnesses is entitled to more weight than is the convenience of party-witnesses. *See Lycos*, 499 F. Supp. 2d at 693. This factor therefore nudges the balance of convenience closer to even, but it does not reach it and it does not weigh in favor of transfer to Ohio in this case. This is because Mr. Schlitz's residence in Rome, Georgia is 524 miles from the Southern District of Ohio (Columbus Division) but only 285 miles from the District of South Carolina (Columbia Division). Thus, for Mr. Schlitz, South Carolina is actually *more* convenient than

12

Ohio. Even granting increased weight to the inconvenience of
Ms. Meyer, the Court finds that the overall balance of
convenience to the more numerous other parties and witnesses,
including GBL's South Carolina and Virginia witnesses, favors
transfer to Plaintiff Komet's home forum of South Carolina.

### 5. The Interest of Justice

The Court finds that the interest of justice slightly
favors transfer away from Virginia because the interest of
having local controversies decided at home favors either South
Carolina or Ohio over Virginia. "The 'interest of justice'
category is designedly broad." *Bd. of Tr.*, 702 F. Supp. at
1260. It is meant to encompass all those factors bearing on
transfer that are unrelated to the other factors. *Precision
Franchising, LLC, v. Coombs*, 2006 WL 3840334, at *6 (E.D. Va.
Dec. 27, 2006). Such factors include the pendency of a related
action, the court's familiarity with the applicable law, docket
conditions, access to premises that might have to be viewed, the
possibility of unfair trial, the ability to join other parties,
and the possibility of harassment. *Id.* (citing *GTE Wireless,
Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va.
1999)). Another factor is the interest of having local
controversies decided at home. *See, e.g., Lycos*, 499 F. Supp.
2d at 695.

13

As most of the factors are neutral and uncontested, they merit little mention. *Compare, e.g.*, Def. Mem. at 13-14 (asserting the Court's familiarity with applicable law is not determinative and docket congestion is a trivial factor), *with* Pl. Opp'n at 12 (agreeing there is no reason to believe the Eastern District of Virginia is unfamiliar with federal trademark law and docket conditions are not dispositive).   One factor, however—the interest of having local controversies decided at home—favors transfer because this District lacks a strong interest in this case.   Other than Abrasive's Virginia sales and GBL's counsel in Washington D.C., the first of which as discussed above bears little weight and the second of which bears none at all, the Eastern District of Virginia has no interest in retaining the case.   By contrast, the Southern District of Ohio and the District of South Carolina each have a stronger connection because those states represent the home fora of the parties.   The Court finds that the interest of having local disputes resolved at home is neutral as between Ohio and South Carolina because, to the extent that the trademark dispute in this case is "local" to any one place, it is local to both Defendant's headquarters in Ohio and Plaintiff Komet's distributor headquarters in South Carolina.   On the whole, the

14

interest of justice slightly favors transfer away from Virginia and is neutral as between South Carolina and Ohio.

In sum, when balancing the factors that guide the Court's discretion on this motion to transfer venue, the Court concludes that this case should be transferred to the District of South Carolina because GBL's initial choice of forum is entitled to little weight, the interest of justice, ease of access to sources of proof and availability of compulsory process favor transfer away from Virginia, and the convenience and cost to parties and witnesses favor transfer to South Carolina.

### III. CONCLUSION

The balance of factors favors transfer away from Virginia because this case has only a slight connection to Virginia and a stronger connection to Ohio and South Carolina. Because the balance of convenience to parties and witnesses favors transfer to the District of South Carolina, in the interest of justice, the Court concludes that this case should be transferred to the District of South Carolina.

For the foregoing reasons, it is hereby

ORDERED that Defendant Abrasive's Motion to Transfer Venue to a More Convenient Forum Pursuant to 28 U.S.C. § 1404(a) is GRANTED in part and DENIED in part. It is further

15

ORDERED that this case be transferred to the District of South Carolina, Columbia Division.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 27th day of March, 2009.


Alexandria, Virginia
3/27/2009

_____ /s/
Gerald Bruce Lee
United States District Judge

16